IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LONDELL TRADON MURPHY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-0749-D |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Londell Tradon Murphy, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

A jury convicted petitioner of aggravated assault and murder. Punishment was assessed at 10 years confinement in the aggravated assault case and 35 years confinement in the murder case. Both convictions were affirmed on direct appeal. *Murphy v. State*, Nos. 05-05-00715-CR & 05-05-00720-CR, 2007 WL 293210 (Tex. App.--Dallas, Feb. 2, 2007). Although petitioner attempted to file a petition for discretionary review ("PDR"), the petition was struck for failure to comply with the Texas Rules of Appellate Procedure. *Murphy v. State*, Nos. 0274-07 & 0275-07, 2007 WL 1613051 (Tex. Crim. App. Jun. 6, 2007).[1] Petitioner was given 30 days to redraw his PDR, but he

---

[1] Rule 68.5 of the Texas Rules of Appellate Procedure provides, in pertinent part, that a petition for discretionary review "must be no longer than 15 pages, exclusive of pages containing the table of contents, the index of authorities, the statement regarding oral argument, the statement of the case, the statement of procedural history, and the

failed to do so. Nor did petitioner file an application for state post-conviction relief. Instead, he filed this action in federal district court.

II.

In multiple grounds for relief, petitioner contends that: (1) the evidence was legally and factually insufficient to support his conviction; (2) the state's investigation of the case was constitutionally inadequate; (3) the prosecutor made an improper closing argument, used perjured testimony, and failed to make a material witness available at trial; and (4) he received ineffective assistance of counsel.

Respondent counters that these claims were never presented to the Texas Court of Criminal Appeals in a procedurally correct manner and, therefore, are unexhausted. After reviewing the pleadings and the state court record, the court agrees that petitioner has failed to exhaust his state remedies.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety.

---

appendix[.]" TEX. R. APP. P. 68.5. The PDR filed by petitioner was 20 pages in length, excluding the pages not counted under the rule.

*Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

Petitioner did not file a proper PDR or a state writ of habeas corpus before seeking federal habeas relief. As a result, his claims are unexhausted. While a federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust previously unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 275, 125 S.Ct. 1528, 1533-34, 161 L.Ed.2d 440 (2005), a stay is not appropriate where, as here, the petitioner has failed to exhaust *any* of his claims. *See, e.g. Tappin v. United States Dist. Ct.*, No. 1-05-CV-00190-TAG, 2008 WL 686555 at *8 (E.D. Cal. Mar. 11, 2008) (holding that federal court must dismiss a completely unexhausted habeas petition); *Dollar v. Rogers*, No. 05-5594 (RBK), 2007 WL 2990663 at *11 (D.N.J. Oct. 9, 2007) (holding that *Rhines* is not directly applicable where federal writ is not a "mixed petition" and none of petitioner's claims are properly exhausted); *Baldonado v. Elliott*, No. CV-05-3136-PHX-SMM, 2006 WL 1698138 at *7 (D. Ariz. Jun. 15, 2006) (stay not appropriate because petitioner did not exhaust any claims and "there are no claims for the Court to hold in abeyance").

Moreover, petitioner has not demonstrated "good cause" for failing to satisfy the exhaustion requirement. *See Ybarra v. Quarterman*, 200 Fed.Appx. 341, 342, 2006 WL 2683339 at *1 (5th Cir. Sept. 19, 2006), *cert. denied*, 127 S.Ct. 2041 (2007), *citing Rhines*, 125 S.Ct. at 1535 (district court has discretion to stay, rather than dismiss, a habeas petition where, *inter alia*, "there is 'good cause' for the petitioner's failure to exhaust his claim first in state court"). In its order dated June 6, 2007, the Texas Court of Criminal Appeals invited petitioner to redraw his PDR and refile the petition within 30 days. *Murphy*, 2007 WL 1613051 at *1. He failed to do so. Petitioner also could have presented his claims to the Texas Court of Criminal Appeals in an application for writ of habeas

corpus under Article 11.07 of the Texas Code of Criminal Procedure. No such application ever was filed. Instead, petitioner waited until April 29, 2008--nearly 11 months after the Texas court struck his PDR--to file a federal writ of habeas corpus. Under these circumstances, the case should be dismissed rather than stayed.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 21, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE